UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JACK L. ROBBINS,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** *sued as Frank Bisignano,*[1] )<br>*Commissioner of the Social Security* )<br>*Administration,* )<br>)<br>    **Defendant.** )<br>) | Case No. 1:23-cv-00183-ALT |

## OPINION AND ORDER

Plaintiff Jack L. Robbins brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (*See* ECF 1). On July 24, 2024, the Court entered an Opinion and Order (ECF 20), reversing Defendant's decision to deny Robbins disability benefits and remanding the case to the Social Security Administration for further proceedings.

Robbins's attorney, Jason Rodman ("Counsel"),[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $14,192.49. (*See* ECF 26 at 2). The Commissioner filed a response on June 30, 2025, stating that it "neither supports nor opposes" Counsel's fee request. (ECF 27).

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La-Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

[2] Robbins is also represented by Attorneys Ann Young, Randal Forbes, and James Zender, who are all associated with the same law firm as Rodman. (*See* ECF 3-5, 13; ECF 26 at 1). Therefore, the term "Counsel" as used herein shall refer to one or more of these attorneys.

On July 30, 2025, the Court held a hearing to discuss the two Notices of Award filed as exhibits with Counsel's motion (ECF 26-5, 26-6) and the amount and method of calculation of past-due benefits relevant to the motion. (*See* ECF 29, 31). For the following reasons, and the reasons stated on the record at the hearing, the motion for attorney fees will be GRANTED, less an offset of $13,372.94 for attorney fees previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2812, resulting in a net payment of $819.55 for Counsel's representation of Robbins in federal court. (*See* ECF 26 at 4, 6).

### A. Factual and Procedural Background

On May 1, 2023, Robbins entered into a fee agreement with Counsel for their law firm's representation of Robbins in federal court, in which Robbins agreed to pay Counsel up to 25 percent of any past-due benefits awarded to him. (*See* ECF 26-1).[3] On that same date Robbins, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of his application for disability benefits. (*See* ECF 1). As stated earlier, the Court entered a judgment in Robbins's favor and remanded the case on July 24, 2024. (*See* ECF 20, 21). On August 23, 2024, Robbins filed a motion for EAJA fees for the 59.4 attorney hours and 2 paralegal hours his Counsel's firm incurred in this case, which was subsequently modified pursuant to the parties' stipulation to an EAJA fee award of $14,000, which the Court granted. (*See* ECF 22, 24, 25).

On January 9, 2024, the Commissioner sent Robbins a notice of award from a subsequent application he filed while appealing his former application for benefits, informing that he was entitled to monthly disability benefits beginning February 2023. (*See* ECF 26-6 at 1).[4]

---

[3] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[4] The notice indicated that Robbins was awarded $24,723 in past-due benefits and that the Commissioner withheld 25 percent of that, $6,180.75, to pay Robbins's attorneys. (*See id.* at 2-3).

On May 28, 2025, the Commissioner sent a second notice of award to Robbins, informing him that he was entitled to monthly disability benefits beginning November 2020, and that the Commissioner withheld $30,340.75—25 percent of his past-due benefits—to pay Robbins's attorneys. (ECF 26-5 at 1, 3). At the hearing, Counsel and counsel for the Commissioner agreed that the two notices of award need to be read together to determine the amount of past-due benefits relevant to the motion, and that the amount of relevant past-due benefits here is $56,770. (*See* ECF 26 ¶ 7; ECF 31).

On June 27, 2025, Counsel filed the instant motion, together with supporting documents, seeking the Court's approval of a § 406(b) award in the amount of $14,192.49, less an offset of $13,372.94[5] in EAJA fees previously awarded, resulting in a net payment of $819.55 from Robbins's withheld past-due benefits for Counsel's representation before this Court. (*See* ECF 26).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793-94 (2002). Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *See id*.; *see also Arnold v. O'Malley*, 106 F.4th 595, 599 (7th Cir. 2024). Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *See Gisbrecht*, 535 U.S. at 796.[6]

---

[5] Counsel indicates that "$13,372.94 is the amount received in EAJA. Outreach to opposing counsel seems to have confirmed that an intercept has occurred, but a document verifying such has not materialized." (ECF 26 at 2 n.1). Consequently, it appears Counsel never received the full $14,000 as stipulated by the parties.

[6] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

3

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for the attorney's representation at the administrative level. *See id.* at 794-95; *see also* 20 C.F.R. § 404.1725(a).[7] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[8] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *See Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section 406(b) has been harmonized with the EAJA. *See Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *See id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the

---

[7] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *See Gisbrecht*, 535 U.S. at 795.

[8] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

4

> attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted); *see Arnold*, 106 F.4th at 601 ("[A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." (citations omitted)).

### C. Analysis

Here, the Court is required to determine whether Counsel's requested fee (prior to an offset of the EAJA award) of $14,192.49 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). Counsel and the Commissioner agreed at the hearing that the amount of past-due benefits relevant to this motion is $56,770. (*See* ECF 26 ¶ 7; ECF 31). Counsel requests attorney fees in the amount of $14,192.49, and as such, the fee amount does not exceed 25 percent of Robbins's relevant past-due benefits.

Counsel contends that the requested fee award of $14,192.49 is "reasonable in light of the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case." (ECF 26 ¶ 12); *see Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully

5

compensatory fee."). In consideration of the fee's reasonableness, the Court notes that the Commissioner ultimately found Robbins disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808. The Court also observes that Counsel timely litigated the case and the subsequent fee motions without any requested extensions. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits). Courts have also considered the contingency-nature of the case as a factor. *See Luke v. O'Malley*, No. 22-cv-349-wmc, 2024 WL 2864313, at *1 (W.D. Wis. June 6, 2024) ("The fees requested by counsel are reasonable in light of the . . . favorable result [the attorney] obtained for plaintiff while working on a contingency basis."); *see also Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)). Indeed, Counsel did sustain some risk in taking on this case.

Furthermore, the fee rate in this case appears reasonable. Counsel's requested fee of $14,192.49, divided by the 59.4 hours he spent on the case in federal court equates to an effective rate of about $239 per hour. (*See* ECF 26 at 6).[9] This requested fee is well within the range of previous awards authorized by judges in this district. *See, e.g.*, *Reef v. Saul*, No. 4:19-CV-21-TLS, 2021 WL 9473763, at *2 (N.D. Ind. 2021) (awarding fee equating to $309 per hour); *Squadroni v. Comm'r of Soc. Sec.*, No. 3:20-CV-320 JD, 2022 WL 4958655, at *1 (N.D. Ind. Oct. 4, 2022) (awarding fee equating to $327 per hour); *Hughes v. O'Malley*, No. 1:20-CV-369-TLS-SLC, 2024 WL 1071059, at *1 (N.D. Ind. 2024) (awarding a fee equating to $484.74

---

[9] Counsel computes an attorney hourly rate of $234.89, conflicting with the Court's computation. (*Id.*). In any event, the difference in calculations is of no consequence to the Court's decision. (*Id.*).

per hour). This strengthens the Court's conclusion that the contingent-fee arrangement will not result in unreasonable fees, as there is no indication that "the benefits are large in comparison to the amount of time counsel spent on the case." *Arnold*, 106 F.4th at 600 (citation omitted).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $14,192.49 less an offset of $13,372.94 for EAJA fees previously awarded, resulting in a net fee award to Counsel of $819.55. *See Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (stating that while not favored, "the netting method is permissible" with respect to payment of § 406(b) fees (internal quotation marks omitted)).

### *D. Conclusion*

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 26) is GRANTED in the amount of $14,192.49 less an offset of $13,372.94 for EAJA fees previously awarded, resulting in a net fee award to Counsel of $819.55. The Commissioner shall pay Counsel $819.55 out of Robbins's withheld past-due benefits in accordance with agency policy and release any remaining withheld benefits to Robbins. Counsel is allowed to retain the $13,372.94 in EAJA fees previously awarded.

SO ORDERED.

Entered this 4th day of August 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge